IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| LONNIE CHARLES SMITH, § | |
| § | |
| Plaintiff, § | |
| § | |
| v.                          § | Civil Action No. 7:18-cv-00053-O-BP |
| § | |
| NANCY A. BERRYHILL, § | |
| Acting Commissioner of the Social § | |
| Security Administration, § | |
| § | |
| Defendant.                § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 9), filed on June 18, 2018, and Plaintiff's Response in Opposition to Defendant's Motion (ECF No. 11), filed on June 27, 2018. On June 28, 2018, the Court entered an order construing Defendant's Motion to Dismiss as a Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56 in order to consider the supplemental evidence submitted by Defendant. ECF No. 12. After considering the pleadings and applicable law, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 9), construed as a Motion for Summary Judgment under Rule 56, and **DISMISS** Plaintiff's claims with prejudice.

BACKGROUND

Smith filed an application for DIB on September 3, 2014, alleging that his disability began on August 18, 2014. ECF No. 9-1 at 8. The Commissioner denied his claim initially and on reconsideration on November 21, 2014, and Smith requested a hearing, which was held on July 26, 2016, before Administrative Law Judge ("ALJ") Susan Conyers, with Smith and his attorney,

Tom Schrandt, present. *Id.*  Vocational Expert ("VE") James Fullilove testified at the hearing. *Id.*
The ALJ issued her decision on December 1, 2016, finding that Smith was not entitled to disability
benefits. ECF No. 9-1 at 20.

On November 1, 2017, the Appeals Council denied Plaintiff's request for review and mailed
Plaintiff a copy of the denial. ECF No. 9-1 at 4. Plaintiff then filed his Complaint against the
Commissioner of the Social Security Administration on April 13, 2018, seeking judicial review of
the Commissioner's denial pursuant to Section 205 of the Social Security Act, 42 U.S.C. § 405(g).

Defendant filed the instant Motion to Dismiss arguing that Plaintiff's complaint must be
dismissed for failing to file within the sixty-day statute of limitations. ECF No. 9. On June 18,
2018, the undersigned ordered Plaintiff to respond to Defendant's Motion. ECF No. 10. Due to the
supplemental evidence offered and relied upon by Defendant, the Court construed the Motion as a
Motion for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56, and
notified Plaintiff that Defendant's Motion placed matters outside of the pleadings. ECF No. 12.
By Court Order, Smith filed a supplement to his response to present any summary judgment
evidence in response to Defendant's Motion. *Id.*

## LEGAL STANDARD

Defendant's Motion to Dismiss must be converted into a Motion for Summary Judgment.
In *Triplett v. Heckler*, the Fifth Circuit found that the lower court erred when it applied Federal
Rule of Civil Procedure 12(b)(1) to the Commissioner's motion to dismiss for exceeding the sixty-
day deadline when it should have converted the Rule 12(b) motion to dismiss into a Rule 56 motion
for summary judgment. 767 F.2d 210, 211-12 (5th Cir. 1985). Rule 56(c) governs the standard of
review because the 60-day timeliness requirement is an affirmative defense, not a jurisdictional
bar, and the lower court considered materials outside the pleadings. *See id.* As in *Triplett*, the

Commissioner has raised the statute of limitations as an affirmative defense and attached a declaration of Cristina Prelle, the Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, to support its Motion to Dismiss that requires the Court to look outside the pleadings. ECF No. 9-1 at 1–4.Accordingly, the Court construes Defendant's Motion to Dismiss as a Motion for Summary Judgment.

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.,* 847 F.2d 186, 196 n. 3 (5th Cir.1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC,* 255 F. App'x 775, 783 (5th Cir. Oct. 5, 2007). "If . . . matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Rule 12(d) requires only that the non-movant be given notice that "the district court could treat the motion as one for summary judgment, not [whether] the court would in fact do so." *Washington v. Allstate Ins. Co.,* 901 F.2d 1281, 1284 (5th Cir. 1990) (citing *Isquith,* 847 F.2d at 193). "A non-moving party receives adequate notice when it is aware that the movant has placed matters outside the pleadings before the district court for its review." *Guiles v. Tarrant Cnty. Bail Bond Bd.,* 456 F. App'x 485, 487 (5th Cir. Jan. 5, 2012).

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Hunt v. Cromartie,* 526 U.S. 541, 549 (1999). The appropriate inquiry for the Court to make is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251–52 (1986). The party moving for summary judgment has the initial burden to prove there is no genuine issue of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). To meet this burden, the movant must identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

In response, the non-movant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co*., 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues that are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

**ANALYSIS**

To bring a claim under Section 205(g) of the Social Security Act, Plaintiff must show that he brought his complaint within the sixty-day statute of limitations or that he has equitable grounds for tolling the statute of limitations.

Judicial review of Title XVI Social Security disability claims is limited to actions brought within sixty-days after notice of the final decision is mailed. *See* 42 U.S.C. § 405(g). Mailing is defined as the date that the individual receives the Appeals Council's notice of denial. *See* 20 C.F.R. §§ 404.981. Mailing is presumed to be five days after the date on the notice unless there is a reasonable showing to the contrary made to the Appeals Council. *See id.* §§ 404.901, 416.1401, 422.210(c). Thus, the deadline for filing an action is 65 days from the date of the denial notice. Congress imposed this strict statute of limitations "to move millions of cases to speedy resolution in a bureaucracy that processes millions of cases annually." *Bowen v. City of New York*, 476 U.S. 467, 481 (1986). The finality of the Commissioner's decision is also emphasized in the federal statute stating that no decision by the Commissioner is reviewable except as provided under Section 205(g). *See* 42 U.S.C. § 405(h).

The Plaintiff did not file his complaint within the sixty-day statute of limitations. Plaintiff's notice of the Commissioner's final decision is dated November 1, 2017, meaning that Smith had until December 31, 2017, to file his appeal. Plaintiff filed his complaint on April 13, 2018—104 days after the expiration of the statute of limitations. Accordingly, Plaintiff's complaint is untimely.

The undersigned notes that the Commissioner mailed Smith the Notice of Appeals Council Action to 1618 Hawes Avenue, Wichita Falls, Texas 76301. ECF No. 9-1 at 26. Smith appears to still reside or have access to this address, as he signed his "Memorandum of Law in support" with the 1618 Hawes Avenue address. ECF No. 11 at 5.

As the movant for summary judgment, Defendant has established that Plaintiff failed to bring his claim within the sixty-day statute of limitations or to raise equitable grounds for tolling the statute of limitations. In response to Defendant's Motion, Plaintiff does not raise equitable grounds for tolling or explain why he was unable to file his complaint timely. ECF No. 15. Thus, Defendant has shown that no actual controversy exists and is entitled to summary judgment as a matter of law.

## CONCLUSION

Accordingly, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) (ECF No. 9), construed as a Motion for Summary Judgment under Rule 56, and **DISMISS** Plaintiff's claims with prejudice.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed on July 26, 2018.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE