IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| LONNIE CHARLES SMITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:18-cv-00053-O-BP |
| | § | |
| NANCY A. BERRYHILL, | § | |
| Acting Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation (the "FCR") (ECF No. 16) in this case. The FCR recommended that this Court grant Defendant's Motion to Dismiss construed as a motion for summary judgment under Rule 56. FCR 6, ECF No. 16. Plaintiff filed an objection (ECF No. 19). The Court reviewed *de novo* those portions of the FCR to which Plaintiff made an objection. For the following reasons, Plaintiff's objection is overruled, and the Court **ADOPTS** the Magistrate Judge's FCR as the Findings and Conclusions of the Court.

I.  BACKGROUND

Plaintiff filed an application for disability insurance benefits ("DIB") on September 3, 2014, alleging that his disability began on August 18, 2014. Mot. Dismiss, Ex. 1 (Social Security Record), ECF No. 9-1. The Commissioner denied his claim initially and again on reconsideration on November 21, 2014. Plaintiff requested a hearing, which was held on July 26, 2016, before Administrative Law Judge ("ALJ") Susan Conyers, with Smith and his attorney, Tom Schrandt, present. *Id.* Vocational Expert ("VE") James Fullilove testified at the hearing. *Id.* The ALJ issued her decision on December 1, 2016, finding that Plaintiff was not entitled to disability benefits. *Id.*

On November 1, 2017, the Appeals Council denied Plaintiff's request for review and mailed Plaintiff a copy of the denial. *Id.* Plaintiff then filed his Complaint against the Commissioner of the Social Security Administration on April 13, 2018, seeking judicial review of the Commissioner's denial pursuant to Section 205 of the Social Security Act (the "SSA"), 42 U.S.C. § 405(g). Defendant filed the instant motion to dismiss, arguing that Plaintiff's complaint must be dismissed for failing to file within the sixty-day statute of limitations. *See generally* Mot. Dismiss, ECF No. 9. On June 18, 2018, the Magistrate Judge ordered Plaintiff to respond to Defendant's Motion. June 18, 2018 Order, ECF No. 10.

Due to the supplemental evidence offered and relied upon by Defendant, the Magistrate Judge construed the motion as a motion for summary judgment pursuant to Federal Rules of Civil Procedure 12(d) and 56, and notified Plaintiff that Defendant's motion placed matters outside of the pleadings. June 28, 2018 Order, ECF No. 12. By court order, Smith filed a supplement to his response to present any summary judgment evidence in response to Defendant's Motion. Pl.'s Resp., ECF No. 15.

The Magistrate Judge's FCR recommended that this Court dismiss Plaintiff's claims because he "has failed to bring his claim within the sixty-day statute of limitations or to raise equitable grounds for tolling . . ." FCR 6, ECF No. 16. Plaintiff filed objections. Pl.'s Obj., ECF No. 19. The Court has reviewed the record, FCR, and Plaintiff's objections in this case. The FCR is ripe for decision.

## II.   ANALYSIS OF OBJECTION

A plaintiff bringing a claim under § 205 of the SSA must bring his complaint in district court within the sixty-day statute of limitations or have equitable grounds for tolling the statute of limitations. *See* 42 U.S.C. § 405(g). Here, the Commissioner's final decision is dated November 1, 2017. Plaintiff, under the SSA, had until December 31, 2017 to file his appeal. *See id.* §§

2

404.901, 416.1401, 422.210(c) (allowing for five day mailing presumption to be added to statute of limitations considerations). Plaintiff filed this case on April 13, 2018—104 days after the expiration of the statute of limitations. The Magistrate Judge found that Plaintiff had failed to comply with the requirements of the SSA in bringing his appeal. *See* FCR 6, ECF No. 16.

Plaintiff objects that the procedure of the underlying proceeding was not clear and that "had he known that a reconsideration by the [Appeals Council] was not authorized he would have filed in district court. But also because he was not informed either way in this regard by the [Appeals Council] he should be allowed tolling." Pl.'s Obj. 2, ECF No. 19. But Plaintiff's objection is unpersuasive because the statute of limitations began to run November 1, 2017, and the decision of the Appeals Council provides specific instructions about the statute of limitations and how to file a civil action. *See* Mot. Dismiss, Ex. 1 (Appeals Council Decision) PageID 54–56, ECF No. 9-1 (informing Plaintiff he "may file a civil action (ask for court review) by filing a complaint in the United State District Court for the judicial district in which you live" and that "[y]ou have 60 days to file a civil action."). The statute of limitations began to run after that document was sent to Plaintiff, and Plaintiff did not file his complaint in this Court until 169 days later, 104 days after the permissible filing date. Plaintiff concedes that he failed to file within the statute of limitations, *see* Pl.'s Obj. 2, ECF No. 19. And he has not provided a good reason or grounds for equitable tolling based on his explanations contained in any filings with the Court. Accordingly, Plaintiff's objection to the FCR is **OVERRULED** and the Court determines that dismissal of this case on statute of limitations grounds is proper.

### III. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's objection should be and is hereby overruled. The Court hereby **ADOPTS** the FCR (ECF No. 16) as the Findings and Conclusions of the Court and **GRANTS** Defendant's Motion to Dismiss (ECF No. 9). It is

3

therefore **ORDERED** that Plaintiff's claims are **DISMISSED with prejudice**. A final judgment will issue by separate order.

**SO ORDERED** on this **28th day** of **March, 2019**.

_Reed O'Connor_
**UNITED STATES DISTRICT JUDGE**